IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02283

RILEY HALE, individually, and KRISTIN HALE,
individually,

        Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY, a Texas
corporation,

        Defendant.

---

## NOTICE OF REMOVAL

---

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant

USAA Casualty Insurance Company ("USAA CIC") hereby removes Case No. 2014-cv-30670

from the District Court, Weld County, State of Colorado, to the United States District Court for

the District of Colorado.  In support of this removal, USAA CIC states as follows:

### BACKGROUND

        1.      On July 17, 2014, Riley Hale and Kristin Hale, (collectively "Plaintiffs") filed

their complaint and demand for jury trial in the District Court, Weld County, Colorado

("Complaint") thereby commencing the state court action ("State Court Action"). (*See* Compl.)

The Complaint named USAA Casualty Insurance Company as defendant.

2.      Plaintiff served the Complaint on USAA Casualty Insurance Company on July 18, 2014. (*See* Affidavit of Service on USAA CIC, dated July 21, 2014.)

3.      The Complaint alleges damage to Plaintiffs' home, sustained as a result of a hail and/or windstorm on August 3, 2013 (the "Incident"). (Compl. ¶ 9.) Plaintiffs allegedly filed an insurance claim thereafter (*Id.* at ¶ 11.)

4.      The Complaint alleges that USAA CIC breached the insurance contract at issue by "unreasonably den[ying] coverage and fail[ing] to pay the full amount of the Loss." (*Id.* at ¶ 26.)

5.      Plaintiffs assert three claims for relief:  "Breach of Contract, Common Law Bad Faith, and Bad Faith Breach of an Insurance Contract, C.R.S. §§ 10-3-1115 & 1116." (*Id.* at ¶¶ 4-41.)

6.      Plaintiffs seek an award of damages for all unpaid covered benefits owed under the insurance policy; costs; expert witness fees; attorneys' fees; out-of-pocket expenses, costs of ongoing damages, both real and personal; interest; and any further relief deemed appropriate by the Court. (*Id* at p. 7-8.)

## GROUNDS FOR REMOVAL

**I.      TIMELINESS:**

7.      This Notice of Removal is filed within thirty (30) days after service of the Complaint on USAA CIC on July 18, 2014.  (*See* Affidavit of Service.)

8.      Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b).

## II.    COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

9.      Plaintiffs are individuals residing at 1948 Kestrel Court, Windsor, Colorado 80550.  (Comp. ¶ 5.)

10.     For diversity purposes, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Galdin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000). At the time the State Court Action was filed and at the time of this removal, USAA Casualty Insurance Company was and is a corporation duly organized under the laws of the State of Texas and with its principal place of business located in Texas. (Company Consumer Inquiry results regarding USAA CIC accessed through the Colorado Division of Insurance website, last accessed August 14, 2014, attached as Exhibit 1.)

11.     USAA CIC is the only Defendant in this case; therefore, the unanimity requirement it met.

12.     Because the parties are citizens of different states and USAA CIC is not a citizen of the State of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. § 1332(a)(1), § 1332(c)(1), and § 1441. *See also Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993) (holding "'first party' insurance action, or a suit by an insured against an insurer, is not a 'direct action'" and citing cases in accord).

## III.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

13.     The amount in controversy exceeds $75,000. Plaintiffs allege that USAA must pay the amount of an appraisal award that was returned in the amount of $446,413.25. (Compl. ¶ 16.)  Under C.R.S. § 10-3-1116(1), the "two times the covered benefit" that Plaintiffs seek

would thus total $892,826.50. That amount would also not include other costs that Plaintiffs have demanded, including but not limited to attorney fees. (*Id* at ¶ 41). The amount in controversy is, thus, far over the $75,000 minimum.

14.     In addition, Plaintiffs' request for an award of attorneys' fees under C.R.S. § 10-3-1116 itself, in a case involving three separate claims for relief of this nature, places the amount in controversy over the $75,000 threshold. (*See* Compl. at p. 7-8.) Under *Miera v. Dairyland Ins. Co.*, "when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." 143 F.3d 1337, 1340 (10th Cir. 1998). While the fees cannot be calculated with certainty at this point, significant fees will be incurred in this matter.

15.     Adding a "reasonable estimate" of attorney fees to "two times the covered benefit," also yields a total amount in controversy in excess of $75,000. Without allowing for recovery of any noneconomic damages, the amount in controversy in this case easily exceeds $75,000, exclusive of interest and costs.

16.     Additionally, Plaintiffs filed a civil cover sheet in the State Court Action stating and admitting that they are "seeking a monetary judgment for more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. . ." (*See* District Court Civil Case Cover Sheet, dated July 17, 2014.)

17.     In sum, the amount in controversy exceeds $75,000, based on the alleged covered benefits, plus two times that covered benefit, plus noneconomic damages, and statutory attorney fees – all of which are alleged by Plaintiffs in their Complaint.

## VENUE

18.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391

## PROCESS, PLEADINGS, AND ORDERS SERVED

19.     As required by 28 U.S.C. § 1446(a), D.C.COLO.LCivR 81.1, and this Court's

Electronic Case Filing Procedures, Version 6.0, Section IV, 4.4(b), copies of service of process,

pleadings, and orders filed in the State Court Action are being provided along with this Notice of

Removal.

## NOTICE OF REMOVAL

20.     Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of

the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of

Notice of Removal, filed contemporaneously herewith in the State Court, is attached as Exhibit

2.

## NO WAIVER

21.     No waiver and no admission of fact, law or liability, including without limitation

the amount of damages, if any, is intended by this Notice of Removal, and all defenses,

affirmative defenses, and rights are hereby reserved.

## REQUEST FOR LIMITED DISCOVERY IF NEEDED

22.     USAA CIC reserves the right to conduct limited discovery on the issue of

diversity jurisdiction, if necessary, as allowed by *McPhail v. Deere & Co.*, 529 F.3d 947, 955

(10th Cir. 2008). For example, in the event Plaintiffs contest whether USAA CIC has shown the

amount in controversy exceeds $75,000, USAA CIC requests limited discovery on that issue.

*See id.*

## **CONCLUSION**

For the reasons set forth above, Defendant USAA Casualty Insurance Company removes this action to the United States District Court for the District of Colorado.

Dated:  August 18, 2014.                    Respectfully submitted,

                                            *s/ Cara E. Dearman*
                                            David J. Schaller
                                            Cara E. Dearman
                                            Wheeler Trigg O'Donnell LLP
                                            370 Seventeenth Street, Suite 4500
                                            Denver, CO  80202-5647
                                            Telephone: 303.244.1800
                                            Facsimile: 303.244.1879
                                            schaller@wtotrial.com
                                            dearman@wtotrial.com


                                            Attorneys for Defendant USAA Casualty
                                            Insurance Company

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on August 18, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served on the following via e-mail:

Marie E. Drake:  marie@thedrakelawfirm.com
Angela M. Schmitz:  angie@thedrakelawfirm.com

*s/ Cara E. Dearman*
Cara E. Dearman
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
dearman@wtotrial.com


Attorneys for Defendant USAA Casualty Insurance Company