| | |
|---|---|
| DISTRICT COURT, COUNTY OF WELD, STATE OF COLORADO<br>901 9th Ave<br>P.O. Box 2038 (80632)<br>Greeley CO 80631<br>Telephone: (970) 475-2400 | DATE FILED: July 17, 2014 3:01 PM<br>FILING ID: 74041F936FFB7<br>CASE NUMBER: 2014CV30670 |
| RILEY HALE, individually, and KRISTIN HALE, individually,<br><br>Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, a Texas corporation,<br><br>Defendant. | COURT USE ONLY<br>_____<br>Case Number<br><br>Div. |
| Marie E. Drake, Atty. Reg. No. 30754<br>Angela M. Schmitz, Reg. No. 42065<br>THE DRAKE LAW FIRM, P.C.<br>1600 Jackson Street<br>Golden, Colorado 80401<br>Telephone: (303) 261-8111<br>Facsimile: (303) 261-8199<br>E-Mail: marie@thedrakelawfirm.com<br>          angie@thedrakelawfirm.com | |
| **COMPLAINT AND DEMAND FOR JURY TRIAL** | |

Plaintiffs Riley Hale and Kristin Hale, by and through their attorneys, The Drake Law Firm, P.C., submit this Complaint against USAA Casualty Insurance Company, and in support of their Complaint, state as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs Riley Hale and Kristin Hale (the Hales) are and at all relevant times have been residents of Colorado.

2. Defendant USAA Casualty Insurance Company ("USAA") is and at all relevant times has been a Texas corporation authorized to do business in the State of Colorado.

3. Venue is proper pursuant to C.R.C.P. 98 in the District Court in and for the County of Weld.

1

## FIRST CLAIM FOR RELIEF:
## (Breach of Contract)

4. The Hales incorporate their allegations set forth in Paragraphs 1 through 3 of this Complaint as if fully restated herein.

5. USAA issued a homeowners insurance policy that provided property coverage to the Hales, Policy Number 009436051/92A, ("the Policy"), in effect from April 30, 2013 through April 30, 2014, for their property located at 1948 Kestrel Court, Windsor, Colorado 80550 ("the Insured Property.")

6. Under the Policy, USAA agreed to pay for sudden and accidental direct physical loss or damage to the Hale's insured property, unless limited or excluded by the Policy, and to pay all amounts owed for such losses.

7. Hail and windstorm are both covered causes of loss under the Policy.

8. The Hales paid the premiums due on the Policy in a timely manner, and performed all duties and responsibilities required by the Policy, or alternatively, have been excused from performance by USAA's acts, representations, and/or conduct.

9. On August 3, 2013, the Insured Property sustained a sudden and accidental direct physical loss due to a covered event; namely, a hail and/or wind storm ("the Loss").

10. The Policy was in full force and effect when the Loss occurred.

11. The Hales properly submitted a claim for the Loss, Claim No. 009436051, to USAA for insurance benefits due under the Policy and fulfilled all other duties required of them under the Policy.

12. USAA offered to settle the claim for $131,158.86 for the dwelling and $38,819.21 for other structures.

13. The Hales disagreed with USAA's coverage determinations and its estimates regarding the extent and cost of work necessary to repair and restore covered damage to the Insured Property.

14. The Hales invoked the appraisal clause in their policy to determine the amount of loss for all damage to the Insured Property.

15. The Hales selected Peter O'Brien of Solutia Adjusters as their appraiser.

16. In June 2014, the appraisal panel signed an award finding $446,000.00 in covered damage.

17. During the appraisal process, USAA contacted the umpire and both appraisers.

18. During the appraisal process, USAA told the appraisers and umpire that they were limited to appraising damage which USAA's adjuster had determined was caused by the August 3, 2013 storm.

19. During the appraisal process, USAA told the appraisers and umpire that damage to the Insured Property's stonework was not covered under the Policy.

20. Throughout the appraisal process, USAA communicated with and directed its appraiser and otherwise interfered with the independence of its appraiser and the appraisal panel.

21. The appraisal award included the cost to repair and/or replace damage to the stonework and windows.

22. After the appraisal award was signed, USAA contacted the umpire to ask how he had reached his conclusions.

23. USAA contacted the Hales on June 11, 2014 and stated that USAA would not pay the amount in the appraisal award.

24. USAA failed to conduct a fair, timely, and thorough investigation and adjustment of the Hales' claim.

25. USAA impermissibly attempted to restrict, limit, and undermine the appraisal process.

26. Throughout the claims process, USAA unreasonably denied coverage and failed to pay the full amount of the Loss which constituted a wrongful failure to pay its insured for the covered loss in breach of the contract.

27. USAA refused to pay all benefits due for the Hales' claim and failed to fully indemnify the Hales for the Loss.

28. This breach of the insurance contract was and is a direct cause of damage to the Hales, including, without limitation:

   a. Loss of Policy benefits owed to indemnify them for the entire loss;

   b. Costs to repair, restore and/or replace the significant property damage, and future costs to remediate such damage;

   c. Incidental and consequential damages, within the contemplation of the parties in the event of breach; and/or;

   d. Other expenses incurred as a result of USAA's breach of its contractual obligations including costs and fees.

29. Plaintiffs, the Hales, are entitled to judgment in their favor and against USAA Casualty Insurance Company on their First Claim for Relief for compensatory damages for their losses, including prejudgment interest, plus their costs and reasonable attorneys' fees in accordance with applicable law.

## SECOND CLAIM FOR RELIEF:
### (Common Law Bad Faith)

30. The Hales incorporate their allegations set forth in Paragraphs 1 to 29 of this Complaint as if fully restated here.

31. Under Colorado law, an insurer owes its insured the duty of good faith and fair dealing.

32. An insurer breaches its duty of good faith and fair dealing when it engages in any of the following conduct:

   a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue and the appraisal process;

   b. Failing to adopt and implement reasonable standards for the fair investigation of claims arising under insurance policies;

   c. Refusing to pay the claim without first completing a reasonable and fair investigation based upon all available information;

   d. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

   e. Waiting until insured has demanded appraisal to conduct a full and fair claim investigation;

   f. Compelling insured to institute appraisal proceedings to recover amounts due under an insurance policy by offering substantially less than the amounts owed.

   g. Forcing the insured to incur the time and expense of an appraisal proceeding simply to attempt to achieve a fair resolution of a covered claim; and

   h. Forcing the insured to incur the time and expense of an appraisal proceeding simply to attempt to receive a fair and unbiased investigation of a claim by an insurer.

33. USAA breached its duty of good faith and fair dealing by:

   a. Refusing to timely and fully pay its insured for the full cost of covered damage to the insured premises;

      b.      Misrepresenting pertinent facts and policy provisions related to coverage at issue by adopting inconsistent and baseless coverage positions;

      c.      Failing to conduct a fair, timely, and thorough investigation of the Hales' Loss;

      d.      Compelling the Hales to institute appraisal proceedings to recover amounts due under the insurance policy by offering substantially less than the amounts owed;

      e.      Forcing the Hales to incur the time and expense of an appraisal proceeding simply to attempt to achieve a fair resolution of the covered claim;

      f.      Forcing the Hales to incur the time and expense of an appraisal proceeding simply to attempt to receive a fair and unbiased investigation by USAA;

      g.      Paying less than the full amount owed on the claim in a timely manner thereby forcing the insured to invoke appraisal, and incur the fees and costs associated therewith, simply to recover what was properly owed;

      h.      Improperly communicating with the members of the appraisal panel and attempting to direct the outcome of the appraisal process;

      i.      Attempting to unreasonably limit and restrict the scope and terms of the appraisal process; and

      j.      Attempting to adjust, reduce, or limit the appraisal award after the appraisers had signed the award.

34.    As a direct and expected result of Defendant USAA's breach of its duty of good faith and fair dealing, the Hales have:

      a.      Not received all Policy benefits owed to indemnify them for the entire loss;

      b.      Incurred and will incur in the future costs to repair, restore and/or replace the significant property damage;

      c.      Suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and

      d.      Suffered and will continue to suffer other expenses incurred as a result of USAA's unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary to litigate.

35.    Plaintiffs Riley Hale and Kristin Hale are entitled to judgment in their favor and against Defendant, USAA Casualty Insurance Company, on their Second Claim for Relief for compensatory damages for their losses, including prejudgment interest; costs and reasonable attorneys' fees in accordance with applicable law.

### THIRD CLAIM FOR RELIEF:
### (Bad Faith Breach of an Insurance Contract)
### CRS §§ 10-3-1115 and -1116

36.     The Hales incorporate their allegations set forth in Paragraphs 1 to 38 of this Complaint as if fully restated here.

37.     Under C.R.S. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

38.     In breach of its duty to the Hales, USAA, without a reasonable basis, delayed and denied benefits owed to the Hales by engaging in the following conduct:

   a.  Refusing to timely and fully pay its insured for the full cost of covered damage to the insured premises;

   b.  Misrepresenting pertinent facts and policy provisions related to coverage at issue by adopting inconsistent and baseless coverage positions;

   c.  Failing to conduct a fair, timely, and thorough investigation of the Hales' Loss;

   d.  Compelling the Hales to institute appraisal proceedings to recover amounts due under the insurance policy by offering substantially less than the amounts owed;

   e.  Forcing the Hales to incur the time and expense of an appraisal proceeding simply to attempt to achieve a fair resolution of the covered claim;

   f.  Forcing the Hales to incur the time and expense of an appraisal proceeding simply to attempt to receive a fair and unbiased investigation by USAA;

   g.  Paying less than the full amount owed on the claim in a timely manner thereby forcing the insured to invoke appraisal, and incur the fees and costs associated therewith, simply to recover what was properly owed;

   h.  Improperly communicating with the members of the appraisal panel and attempting to direct the outcome of the appraisal process;

   i.  Attempting to unreasonably limit and restrict the scope and terms of the appraisal process; and

   j.  Attempting to adjust, reduce, or limit the appraisal award after the appraisers had signed the award.

39.     As a direct and proximate result of Defendant USAA's actions, the Hales have:

      a.    Not received all Policy benefits owed to indemnify them for the entire loss;

      b.    Incurred and will incur in the future costs to repair, restore and/or replace the significant property damage;

      c.    Suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and

      d.    Suffered and will continue to suffer other expenses incurred as a result of USAA's unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary incurred for litigation;

40.    C.R.S. § 10-3-1116 authorizes a first-party claimant whose claim for payment of benefits has been unreasonably delayed or denied to bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit.

41.    Plaintiffs Riley Hale and Kristin Hale are entitled to judgment in their favor and against Defendant, USAA Casualty Insurance Company, on their Third Claim for Relief as authorized by applicable statutes, including prejudgment interest; reasonable attorneys' fees and costs in accordance with applicable law; court costs; and two times the covered benefit.

WHEREFORE, Plaintiffs Riley Hale and Kristin Hale pray as follows:

A. On their First Claim for Relief, for judgment in their favor and against the Defendant, USAA Casualty Insurance Company, for all unpaid covered benefits owed under the Policy;

B. On their Second Claim for Relief, for judgment in their favor and against the Defendant, USAA Casualty Insurance Company, for all unpaid covered benefits owed under the Policy;

C. On their Third Claim for Relief, for judgment in their favor and against the Defendant, USAA Casualty Insurance Company, for two times the amount of all covered benefits owed under the Policy;

D. For judgment in their favor and against the Defendant, USAA Casualty Insurance Company, for costs, expert witness fees, and attorneys' fees incurred in prosecuting the claims against USAA Casualty Insurance Company;

E. For judgment in their favor and against the Defendant, USAA Casualty Insurance Company for other damages resulting from USAA Casualty Insurance Company's bad faith, including out-of-pocket expenses and costs of ongoing damages resulting from USAA Casualty Insurance Company's bad faith refusal to pay for the full loss and damage to the Hales' property, both real and personal;

F. For judgment in their favor and against the Defendant, USAA Casualty Insurance Company for pre- and post-judgment interest; and

G. For any further relief deemed appropriate by the Court.

**PLAINTIFFS DEMAND TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Dated this 17th day of July, 2014

Respectfully submitted,

THE DRAKE LAW FIRM, P.C.

*s / Marie E. Drake*
Marie E. Drake, Reg. No. 30754
The Drake Law Firm, P.C.
1600 Jackson Street
Suite 340
Golden, Colorado 80401
Telephone:  303-261-8111
Fax:  303-261-8199

Plaintiffs' Address:
1948 Kestrel Ct.
Windsor, CO  80550